## CORBIN, ADMINISTRATRIX, *v.* HILL ET AL.

[No. 5,890. Filed November 27, 1906. Rehearing denied March 19, 1907.]

PARTNERSHIP.—*Surviving Partners.—Final Settlement.—Setting Aside.—Appeal and Error.*—Where the administratrix of the estate of a deceased partner sues to set aside the final settlement of the surviving partner, and the court in such suit tries the merits of the charges of wrongful conduct of such surviving partner, but finds that such charges cannot be maintained, the decree of the trial court refusing to set aside such settlement will not be disturbed on appeal, where, if set aside, the administratrix would not be benefited.

From Montgomery Circuit Court; *Harry N. Fine,* Judge, *pro tem.*

Suit by Nellie M. Corbin, as administratrix of the estate of John A. Corbin, deceased, against Ingram D. Hill and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Claude Thompson,* for appellant.

BLACK, J.—The appellant, as administratrix of the estate of John A. Corbin, deceased, brought suit against the appellees to set aside the final report of the appellee Hill as surviving partner of the decedent, and to set aside a certain sale made by said surviving partner of certain partnership property, and to compel a further accounting by the surviving partner. A special finding of facts was rendered, and while it appears that the appellant was not notified of the making of the final report and did not appear at the hearing and approval thereof, and that the balance thereby shown to be due from the surviving partner to the appellant was not paid into court, the same being paid to an attorney representing the appellant and acting for her in the settlement of the decedent's estate, from whom she received a part thereof, refusing to accept the remainder thereof from him, and that the sale in question was of the one-half interest in the property sold, the other half being retained by the surviving partner, who advanced cash to pay his share of the partnership debts, while the money to pay the decedent's share of the debts was taken from the proceeds of the sale, yet in this suit the appellant obtained a full investigation of the affairs so settled, and it does not appear that she would be in any respect benefited by setting aside the report and sale, and requiring a further accounting. If there were irregularities there does not appear to have been any fraudulent or undue advantage taken by any person, and it does appear that no advantage would probably accrue to the appellant by the opening up of the matter so settled.

It does not seem that any useful purpose would be served by further notice of the record. Unless it can be seen, with reasonable probability, that some advantage will accrue to a litigant, this court will not interfere with the results reached in the trial court.

Judgment affirmed.